# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KEVIN ARTHUR BROWN,** | : | **CIVIL NO. 1:CV-10-0809** |
| Plaintiff, | : | |
| | : | (Chief Judge Kane) |
| v. | : | |
| | : | |
| **MS. PARKER, et al.,** | : | |
| Defendants | : | |

## MEMORANDUM

On April 16, 2010, Kevin Arthur Brown ("Brown"), an inmate at the Federal Correctional Institution at Allenwood (FCI-Allenwood), Pennsylvania, filed this civil rights action pursuant to 28 U.S.C. § 1331. Named as Defendants are the following officials and employees at FCI-Allenwood: Ms. Parker and Mr. Prater, Case Managers; Rick Marques, Assistant Warden; and David Ebbert, Warden. Brown proceeds in forma pauperis in this matter.[1] Pursuant to 28 U.S.C. § 1915, the Court is required to examine the complaint for legal sufficiency and to dismiss a complaint if it is frivolous, malicious or fails to state a claim on which relief may be granted. For the reasons that follow, the complaint will be dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**I.    Allegations of the Complaint**

Brown alleges that Defendants were deliberately indifference and denied him due process of law "[b]y going outside of the Federal Bureau of Prisons (Program Statement in regards to

---

[1] Brown completed this Court's form application for leave to proceed in forma pauperis and authorization form. An Administrative Order was thereafter issued on May 19, 2010 (Doc. No. 9), directing the warden at FCI-Allenwood to commence deducting the full filing fee from Brown's prison trust fund account. As such, his motion to proceed in forma pauperis (Doc. No. 7) will be granted.

CCC Referral) and by ignoring the Second Chance Act of (2007)." (Doc. 1, Compl. at 5.) He claims that Defendants recommended that he be denied halfway house placement. As relief, he requests monetary damages in the amount of $301,000.00. (Id. at 4.)

## II. Discussion

28 U.S.C. § 1915 imposes obligations on prisoners who file civil actions in federal court and wish to proceed in forma pauperis. Section 1915(e)(2) provides:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that (A) the allegation of poverty is untrue; or (B) the action or appeal (i) is frivolous or malicious; (ii) <u>fails to state a claim on which relief may be granted</u>; or (iii) seeks monetary relief against a defendant who is immune from such relief.

(Emphasis added.) Federal Rule of Civil Procedure 12(b)(6) allows a defendant, in response to a complaint, to file a motion to dismiss a claim or claims for "failure to state a claim upon which relief can be granted . . . ." Section 1915(e)(2)(B)(ii) provides this ground for summary dismissal of a complaint (before service) - - failure to state a claim under Rule 12(b)(6) principles. A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of the claims alleged in the complaint. Under Fed. R. Civ. P. 12(b)(6), the court must accept as true the factual allegations in the complaint, and construe any inferences to be drawn from the allegations in Plaintiff's favor. See Kanter v. Barella, 489 F.3d 170, 177 (3d Cir. 2007)(quoting Evancho v. Fisher, 423 F.3d 347, 350 (3d Cir. 2005)). "The assumption of truth does not apply, however, to legal conclusions couched as factual allegations or to '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements.'" Marangos v. Swett, No. 08-4146, 2009 WL 1803264 (3d Cir. June 25, 2009)(citing Ashcroft v. Iqbal, ___ U.S. ___, ___, 129 S. Ct. 1937, 1949-50 (2009). In considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a

2

complaint must contain enough "facts to state a claim to relief that is plausible on its face" Iqbal, 129 S. Ct. at 1949 (quoting Bell Atlantic Corp. v. Twombly , 550 U.S. 544, 570 (2007), and the factual allegations "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (internal citations omitted); accord Iqbal, 129 S. Ct. at 1953. The facts plead must offer more "than an unadorned, the defendant-unlawfully-harmed-me accusation." Id., 120 S. Ct. at 1949 (internal quotations and citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct at 1949 (citing Twombly, 550 U.S. at 556). Further, a district court should provide leave to amend "when amendment could cure the deficiency and would not be inequitable." Grayson v. Mayview State Hospital, 293 F.3d 103, 106 (3d Cir. 2002). A complaint that does not establish entitlement to relief under any reasonable interpretation is properly dismissed without leave to amend. Id. at 106.

First, it is clear that Plaintiff fails to raise any concerns of a Constitutional dimension purely with respect to the failure of Defendants to recommend him for CCC placement. It is well established that the United States Constitution does not confer any right upon an inmate to any particular custody or security classification. Moody v. Daggett, 429 U.S. 78, 88 (1976; Montanye v. Haymes, 427 U.S. 236, 242 (1976). Thus, inmates do not have a liberty interest in retaining or receiving any particular security or custody status "[a]s long as the [challenged] conditions or degree of confinement is within the sentence imposed ... and is not otherwise violative of the Constitution." Id. Similarly, it is well-settled law that prisoners have no inherent constitutional right to placement in any particular prison, or in a halfway house, to any security

3

classification, or to any particular housing assignment. See Olim v. Wakineknoa, 461 U.S. 238, 245 (1983); Meachum v. Fano, 427 U.S. 215, 225 (1976); Montanye, 427 U.S. at 242; Bulger v. U.S. Bureau of Prisons, 65 F.3d 48 (5th Cir. 1995).

To the extent Brown has any right to substantive relief through the Second Chance Act itself, any such claims must be pursued in a petition for writ of habeas corpus. It is well-settled that a civil rights action may not be employed to challenge the fact or duration of a prisoner's sentence or to seek earlier or speedier release. Preiser v. Rodriguez, 411 U.S. 475 (1975). In fact, Plaintiff currently has pending before this Court a petition for writ of habeas corpus wherein he challenges the prison officials' decision to deny him 12 month early release to a Residential Re-entry Center under the Second Chance Act.

Further, Plaintiff's request for damages is also subject to dismissal. In Heck v. Humphrey, 512 U.S. 477 (1994), the Supreme Court ruled that a constitutional cause of action for damages does not accrue "for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," until the plaintiff proves that the "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Id. at 486-87. Defendants' actions in denying him a 12 month early release is currently before this Court in a habeas corpus petition. There has been no finding that Defendants' failed to meet the requirements of the Second Chance Act with respect to the suitability of Plaintiff's placement in a Residential Re-entry Center, and even if there was, that Plaintiff would be entitled to seek monetary damages in a civil rights action. Accordingly, the instant complaint

4

will be dismissed

for failure to state a claim pursuant 28 U.S.C. § 1915(e)(2)(B)(ii). An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KEVIN ARTHUR BROWN,** | : | CIVIL NO. 1:CV-10-0809 |
| **Plaintiff,** | : | |
| | : | (Chief Judge Kane) |
| v. | : | |
| | : | |
| **MS. PARKER, et al.,** | : | |
| **Defendants** | : | |

# ORDER

**AND NOW**, this 21st day of May, 2010, for the reasons set forth in the accompanying Memorandum, **IT IS HEREBY ORDERED THAT:**

1. Plaintiff's motion to proceed in forma pauperis (Doc. No. 7) is **granted**.

2. The complaint is **dismissed** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

3. The Clerk of Court is directed to **close this case**.

4. Any appeal taken from this order will be deemed frivolous, without probable cause and not taken in good faith.

                                              S/ Yvette Kane
                                              YVETTE KANE, Chief Judge
                                              Middle District of Pennsylvania